# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:12-CV-00464-FDW-DSC

| | |
|---|---|
| MARIA MCNULTY, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )    **ORDER**<br>) |
| US AIRWAYS, | )<br>) |
| Defendant. | ) |

**THIS MATTER** is before the Court upon Plaintiff Maria McNulty's "Response to Permission [to] Amend," (Doc. No. 22), and "Motion Attorney's Conference." (Doc. No. 23). For the below reasons, the Response is converted to a Motion for an Extension of Time, and is hereby GRANTED to the extent that Plaintiff may have until June 24, 2013 to submit her Amended Complaint. However, the "Motion Attorney's Conference" is hereby DENIED.

Plaintiff filed a Motion to Amend Complaint on May 3, 2013. (Doc. No. 16). Magistrate Judge David S. Cayer's Order granting the Motion to Amend Complaint was filed on June 3, 2013. (Doc. No. 20). This Order gave Plaintiff five days to file her Amended Complaint. Plaintiff did not file her Amended Complaint within that time frame, but filed a "Response to [P]ermission Amend" stating "Please wait to After Attorney's Conference For Amendment." (Doc. No. 22). The Court is uncertain how exactly to interpret this item, but first notes that a party may not simply tell the Court to "[p]lease wait" for a filing after the due date for the filing has passed. Furthermore, the initial attorney's conference in this case has already taken place and a Case Management Order has already been issued. If Plaintiff needed an extension of time, the appropriate way to seek one is for Plaintiff to file a motion for extension of time, as far before the deadline as possible. In this instance, for the sake of efficiency, the Court will treat

Plaintiff's Response as a Motion for Extension of Time.  As Plaintiff has given no reason why time should be extended, the Motion would ordinarily be denied.  However, as there has clearly been some confusion on Plaintiff's part in this instance, Plaintiff's Motion is hereby GRANTED and Plaintiff is given until June 24, 2013 to file her Amended Complaint.  **No further extensions beyond this time will be granted.**

With respect to Plaintiff's "Motion Attorney's Conference," (Doc. No. 23), the Court is very unclear as to what Plaintiff is seeking.  The text of the motion reads "I. File Conference with Counsel to confer by FRCP . . . LC[v]R 73 1c[.] If amended Complain[t] may change the Scheduling Order[.]"  Also included are two copies of Local Rule of Civil Procedure 16.1(B), which do not appear to provide any guidance as to what Plaintiff seeks.  As the Court has noted above, the initial attorney's conference has already been held in this case, and a Case Management Order has already been issued.  If an Amended Complaint could change the scheduling needs of the parties, the appropriate way to make such a request of the Court is to file a motion to amend the Case Management Order after the Amended Complaint has been filed.  Since it is completely unclear what Plaintiff seeks in this Motion, it is DENIED WITHOUT PREJUDICE, but may be re-filed if it is done so in accordance with the Federal Rules of Civil Procedure, the Local Rules of this Court, and the Standing Order Governing Civil Case Management Before the Honorable Frank D. Whitney.

For the above reasons, the Court treats Plaintiff's Response as a Motion for an Extension of Time, and the Motion is hereby GRANTED to the extent that Plaintiff may have until June 24, 2013 to submit her Amended Complaint.  However, the "Motion Attorney's Conference" is DENIED.

IT IS SO ORDERED.

Signed: June 10, 2013

Frank D. Whitney
Chief United States District Judge